UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, AS SUBROGEES OF WRIGHT BROS., LLC<br><br>VERSUS<br><br>BREMERMANN MECHANICAL, INC., SIEMENS INDUSTRY, INC., KINSALE INSURANCE COMPANY and HDI GLOBAL INSURANCE COMPANY | Case no. 2:21-cv-01486<br><br>JUDGE GREG G. GUIDRY<br><br>MAG. DANA M. DOUGLAS |

**SIEMENS INDUSTRY, INC.'S MEMORANDUM IN SUPPORT OF
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

MAY IT PLEASE THE COURT:

This Memorandum is respectfully submitted by defendant Siemens Industry, Inc. ("Siemens") in support its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 against plaintiffs, The Charter Oak Fire Insurance Company ("Charter Oak") and Travelers Property Casualty Company of America ("Travelers"). In filing their Complaint, Charter Oak and Travelers' attorneys certified that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ." Fed. R. Civ. P. 11. In the instant matter, despite having conducted a pre-suit investigation which revealed no evidence of

1

wrongdoing by Siemens, plaintiffs proceeded to file suit against Siemens anyway and make factual allegations that they knew they had no factual support. This is entirely improper.

Rule 11 does not afford litigants the right to make allegations that they know they have no factual support in the hopes of stumbling upon factual support during the discovery process. To the contrary, plaintiffs are required to have facts to support their claims BEFORE filing suit. Siemens requests that the allegations against it be stricken, and that it be awarded reasonable costs and attorney's fees.

## FACTS AND PROCEDURAL HISTORY

On or about August 5, 2021, plaintiffs filed the instant Complaint as subrogees of their insured, Wright Bros., L.L.C. ("Wright Bros."). Wright Bros. had a contract with the General Services Administration ("GSA") for renovation of the tenth floor of the Hale Boggs Federal Building located at 500 Camp Street, New Orleans. Complaint, Par. 7. Wright Bros. subcontracted with defendant Bremermann Mechanical, Inc. ("Bremermann") for HVAC, mechanical, and plumbing work on the project. Complaint, Par. 12. Bremermann subcontracted with defendant Siemens for work and services on the project, "including to furnish and install temperature controls for the building automation system and control boxes and valves for the VAV boxes." Complaint, Par. 18.

"On the evening of Sunday, August 16, 2020, Wright Bros. received a call from the building security that water was leaking from the tenth floor space under construction. Wright Bros.' project manager immediately reported to the site and found that a drain line in the tenth floor space worked on by Bremermann and Siemens was releasing a large volume of water under pressure, resulting in extensive water accumulating in the tenth floor space." Complaint, Par.

2

34. "It was evident from the condition of the drain line that the valve attached to the VAV box had been opened or been left open and the plastic cap on the drain line was not secured in place, thereby allowing water under pressure to escape unimpeded." Complaint, Par. 35. The water is alleged to have caused extensive water damage on all ten floor of the building which plaintiffs, as the insurers of Wright Bros., paid for.

After investigation, "it was determined that the cap on the drain valve had been cracked and damaged, leading to the failure of the cap to stay secured when put under pressure. With respect to Siemens, plaintiffs allege, "Upon information and belief, the loss was caused by an employee of Siemens who was the last person to perform any work in the area where the incident occurred. The Siemens employee left the drain valve open, leading to water pressure on a cap at the end of the drain line, which had either been damaged by the Siemens employee or the damaged cap had been installed by Bremermann or Siemens despite the fact that the cap was visually compromised. The combination of the open water line and the damaged cap caused the loss." Complaint, Par. 54.

As part of their initial disclosures, plaintiffs produced a report prepared by Littleton Claims dated October 8, 2020. A copy of this report is attached hereto as Exhibit "1". Littleton's investigator, Steven Karasewski, determined that a "drain valve attached to the Variable Air Volume (VAV) box had somehow opened, allowing water to escape. . . . No one knows why or how the drain valve opened." Exhibit 1, pg. 2. "According to Mr. Leard and Mr. Phillips, one of the subcontractors for Bremmarman [sic] Mechanical, Seamans [sic] Inc., were working around the VAV box-adjusting controls. They were approximately 4-5 feet from the

valve but were working with the wires which had nothing to do with any plumbing issues." Exhibit 1, pg. 2.

Perplexed as to how plaintiffs could file suit alleging that a Siemens employee "left the drain valve open" when their own investigation determined "no one knows why or how the drain valve opened", Siemens propounded two very simple Requests for Admission to plaintiffs:  1. Please admit that Plaintiffs do not know if the drain valve was opened before the Siemens employee performed work above the ceiling as alleged in paragraphs 32 and 54 of plaintiff's complaint and 2. Please admit that Plaintiffs do know of any eyewitnesses that saw the Siemens employee open the drain valve as alleged in paragraph 54 of the plaintiff's complaint.  Plaintiffs' responses to these requests are attached hereto as Exhibit 2.  In short, plaintiffs objected to both requests as premature, claiming a "lack of knowledge or information at this moment preventing it from admitting or denying" the requests.

Counsel for Siemens emailed a letter to plaintiffs' counsel on March 4th noting the lack of evidentiary support for their claims against Siemens and requesting a voluntary dismissal without prejudice.  A copy of this correspondence is attached hereto as Exhibit "3".  A meet and confer was held via teleconference on March 7th.  Despite admittedly having no evidence to support their allegations against Siemens, plaintiffs refuse to voluntarily dismiss Siemens.

Despite having conducted an investigation that developed no evidence of Siemens' involvement in the loss at issue, plaintiffs filed suit against Siemens alleging its employee left the drain valve at issue open, knowing it had no evidence to support the allegation.  Plaintiffs apparently intend to conduct discovery to develop the evidence that they do not have to support the allegations they have made.  This is the exact opposite of the duty imposed by Rule 11.

## LAW AND ARGUMENT

In relevant part, Rule 11 provides as follows:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

***

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

As reflected in the official comments, "Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; **it is not a license to join parties, make claims, or present defenses without any factual basis or justification.**" (Emphasis added). "[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 437 (D.N.J. 1999)

Yet this is precisely what the plaintiffs have done in this case. Despite having actually conducted an investigation that found Siemens' work had "nothing to do with any plumbing issues" and that "no one knows why or how the drain valve opened", plaintiffs have sued Siemens "upon information and belief" in order to conduct a fishing expedition against Siemens in the hope of finding evidence to support their allegations. This is not how litigation works. Plaintiffs must have facts to support their allegations before suing a defendant.

To satisfy the affirmative duty imposed by Rule 11, an attorney or party must make a reasonable inquiry into both the facts and the law before filing papers with the court. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 545 (1991); *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1091 (3d Cir. 1988). "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances, with reasonableness defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citation omitted); *Marinkovic v. Battaglia*, No. 1:14-CV-0049, 2017 WL 3671243, at *7 (W.D. Pa. Aug. 25, 2017). Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim **before** filing.

Liberal pleading standards in federal court are tempered by rule requiring attorneys to make reasonable inquiry into facts and law of complaint prior to filing it with court. *Chisholm v. Foothill Capital Corp.*, 940 F. Supp 1273 (ND Ill. 1996). To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis. *Miller v. Bittner,* 985 F.2d 935 (8th Cir. 1993). In determining whether attorney has made reasonable factual inquiry so as to comply with Rule 11, courts may consider factors such as time available to signing attorney for investigation; extent of attorney's reliance upon his client for factual support of documents; feasibility of prefiling investigation; whether signing attorney accepted case from another member of the bar; complexity of factual and legal issues; and extent to which development of factual circumstances underlying claim requires discovery. *Smith v. Our Lady of the Lake Hosp., Inc.,* 960 F.2d 439 (5th Cir. 1992). Even a filing made in good faith

is sanctionable if it is not based upon reasonable inquiry into facts and law. *In re: Cloud,* 107 B.R. 156 (N.D. Ill. 1989).

The problem for the plaintiffs in the instant matter is not the failure to have made a reasonable pre-suit inquiry. Instead, they have filed suit against Siemens despite the fact that their own inquiry found no evidence to support the claims they have made against Siemens. Such conduct is precisely why Rule 11 exists. The mere fact that Siemens was working in the vicinity of the valve at issue is insufficient to justify Siemens having to defend itself against allegations the plaintiffs admit have no evidentiary support.

In *Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1194–95 (5th Cir. 1996), the court recognized that an award of attorneys' fees is an appropriate sanction under Rule 11. Rule 11 lists attorneys' fees as one of several appropriate sanctions and the award of attorneys' fees is explicitly targeted to deference of litigation abuse. By forcing plaintiffs to internalize the cost to Siemens of responding, the award of attorneys' fees approximates optimal deterrence. Accordingly, Siemens requests that the baseless allegations against it be stricken and it be awarded the fees and costs it has incurred defending this matter to date.

## **CONCLUSION**

The plaintiffs conducted a pre-suit investigation that found no evidence that Siemens opened the valve at issue. Despite this finding, plaintiffs proceeded to file suit against Siemens and make allegations that they know have no evidentiary support. This is further demonstrated by plaintiffs' discovery responses. And even after these shortcomings were explicitly brought to their attention by undersigned counsel, plaintiffs have refused to voluntarily dismiss their claims

against Siemens. If Rule 11 is to have any meaning at all, this Court must strike the plaintiffs' admittedly baseless claims against Siemens and award it reasonable costs and attorney's fees.

Respectfully submitted,

s/ Glen E. Mercer
**SALLEY, HITE, MERCER, & RESOR, LLC**
**GLEN E. MERCER (#21752)**
**KOURTNEY N. TWENHAFEL (#26736)**
365 Canal Street, Suite 1710 New
Orleans, Louisiana 70130 Phone:
(504) 566-8800
Fax: (504) 566-8828
gmercer@shmrlaw.com
ktwenhafel@shmrlaw.com
*Attorneys for Siemens Industry, Inc. and HDI Global Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of March, 2022, served a copy of the foregoing pleading on counsel to this proceeding, by depositing it in the United States mail, properly addressed, and first class postage prepaid, by hand delivery, by facsimile or by electronic delivery.

s/ Glen E. Mercer
**GLEN E. MERCER**